## LEE v. GULFCOAST TRANSIT CO., et al.
### No. 38817-L.

Circuit Court, Hillsborough County.
September 15, 1961.

C. J. Hardee, Jr., of Hardee & Ott, Tampa, for plaintiff.

Fowler, White, Gillen, Humkey & Trenam, Tampa, for defendant Gulfcoast Transit Co.

Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for defendant American Hoist & Derrick Co.

Allen, Dell, Frank & Trinkle, Tampa, for defendant General Electric Co.

Hamilton & Bowden, Jacksonville, for defendant Gibbs Corporation.

JOHN GERMANY, Circuit Judge.

*Order over-ruling motion to dismiss:* This cause came on to be heard on defendant, Gulfcoast Transit Company's motion to dismiss the second count of plaintiff's complaint on the ground that it did not state a cause of action on which relief could be granted.

The complaint is an action based on the Florida Wrongful Death Statute. The second count attempts to allege a cause of action based on warranty of seaworthiness that defendant, Gulfcoast Transit Company owed to decedent and which was breached, thereby causing his death.

The question involved is whether or not the Florida Wrongful Death Act, section 768.01, Florida Statutes, grants to a widow of the deceased, a cause of action for unseaworthiness against the owner of a vessel.

No Florida case was cited to the court in the excellent briefs prepared by the parties in which a Florida court has decided this question. Several recent United States Court of Appeals, 5th Circuit cases have been cited, which in their interpretation of the Florida Wrongful Death Act have held there is no action for unseaworthiness under the said act, Graham v. A. Lusi, Ltd., 206 F. 2d 223; Emerson v. Holloway Concrete Products Co., 282 F. 2d 271.

The Emerson case has in it a very strong, succinct dissent by Justice Brown. While these cases are persuasive on state courts, they are not of binding authority because only the courts of the state of Florida have the power to render an authoritative interpretation of this act, The Tungas v. Skovgaard, 358 U.S. 588, 3 L. ed. 2d 524, 79 S. Ct. 503.

The legislative history of the Florida Wrongful Death Act shows that it was originally passed by the 1883 legislature. The legislature of 1915 amended the act by this extension —

"or by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or persons employed thereon" ***

"or to proceed in rem against the said ship, vessel or boat, or in personam against the owners thereof, or those having control of her" ***

"or the ship, vessel or boat" ***

"or if a ship, vessel or boat, to a libel in rem, and her owners or those responsible for her wrongful act, negligence, carelessness or default, to a libel in personam" ***

There can be no doubt in reading these quotations that the amendments of 1915 extended the Florida Wrongful Death Act to include maritime causes of action. There is also no doubt that if the decedent had lived he would have had a cause of action against Gulfcoast Transit Company, Pope & Talbot, Inc. v. Hawn, 346 U.S. 409, 98 L. ed. 143, 74 S. Ct. 202. Therefore, it is the holding of this court that the Florida Wrongful Death Act grants to a widow of the decedent a right of action for unseaworthiness if the decedent could have so maintained the action, had he lived. The Tungas v. Skovgaard, supra; Pope & Talbot, Inc. v. Hawn, supra.

It is ordered that the motion to dismiss the plaintiff's second cause of action is denied, and that the defendant, Gulfcoast Transit Company, is given twenty days from the date of this order in which to further plead.